IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BARFIELD, # B-05140, | ) |
| | ) |
|           Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cv-099-NJR |
| | ) |
| MR. KELLER, | ) |
| | ) |
|           Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Keller, a Lawrence correctional officer, was deliberately indifferent to his need for medical attention after a serious fall.

In his complaint, Plaintiff states that on March 4, 2014, he was allowed out of his cell along with a number of other inmates to access the dayroom, shower, or telephone (Doc. 1, p. 3-4). While Plaintiff was walking down the stairs toward the showers, another inmate came running down the stairs and bumped into him. Plaintiff was knocked off balance and fell down the stairs, landing on his head, neck, back, and elbow.

Defendant Keller saw the other inmate running before the collision but failed to stop him, despite the fact he was in violation of the prison rule/policy that forbids running. Defendant Keller also saw Plaintiff fall and land on his head, yet failed to check on Plaintiff's condition or ask whether he needed medical attention.

Plaintiff showered and returned to his cell, and then noticed swelling in his elbow, thumb,

head, and neck, as well as pain in his back. He felt nauseous and began vomiting. He called Defendant Keller to his cell and asked to be sent to the Health Care Unit ("HCU") for examination and treatment. Defendant Keller refused to allow this and rejected Plaintiff's request to speak to the lieutenant. After Defendant Keller left, Plaintiff pressed the emergency button in his cell, but neither Defendant Keller nor any other officer responded (Doc. 1, p. 5).

The next day, Plaintiff told a lieutenant about his fall, injuries, and ongoing pain. The lieutenant sent Plaintiff to the HCU, where he was examined and treated.

Plaintiff claims that the delay in treatment caused by Defendant Keller's refusal to assist him aggravated his medical condition and prolonged his pain, in violation of the Eighth Amendment. Further, he asserts that Defendant Keller's failure to enforce the no-running rule led to his injury (Doc. 1, p. 8). He seeks damages and injunctive relief.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has stated a colorable federal civil rights claim against Defendant Keller for deliberate indifference to a serious medical need (**Count 1**). In addition, Plaintiff has articulated a state law claim for negligence against Defendant Keller (**Count 2**) that survives dismissal at this juncture.

**Count 1 – Deliberate Indifference**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "A 'serious'

medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).

Here, Plaintiff describes an injury and symptoms that clearly required medical attention. Not only did Defendant Keller see Plaintiff fall down the stairs, but Plaintiff later told Defendant Keller of his serious symptoms, which indicated his need for treatment even to a layperson. Nonetheless, Defendant Keller refused to send Plaintiff to the HCU for an assessment, and he ignored Plaintiff's emergency call. Plaintiff's pain continued, and he did not obtain any medical assistance until the following day. The complaint thus satisfies both the objective and subjective components of an Eighth Amendment claim.

Plaintiff additionally claims that Defendant Keller's failure to enforce the no-running rule violated his Eighth Amendment rights. This is not correct. At most, Defendant Keller's inaction and failure to intervene to stop the other inmate from running down the stairs amounted to negligence. A defendant can never be held liable under § 1983 for a negligent act or omission. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (inmate was injured in a fall caused when guard negligently left a pillow on a stairway); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). However, the rule violation matter shall be further addressed in Count 2.

Plaintiff may proceed with the deliberate indifference claim in **Count 1**, based upon Defendant Keller's refusal to obtain medical care for Plaintiff.

**Count 2 – State Law Negligence Claim**

Plaintiff cannot maintain a civil rights claim against Defendant Keller for his failure to enforce the rule against running, which could have prevented Plaintiff's injury if Defendant Keller had acted. However, the *pro se* complaint has articulated a potential state law negligence claim based on Defendant Keller's inaction. In Illinois, in order to state a claim for negligence, a complaint must allege facts to establish that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross,* 879 N.E.2d 278 (2007)).

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc*., 72 F.3d 1294, 1299 (7th Cir. 1995)).

Plaintiff has shown a sufficient factual connection between Defendant Keller's alleged negligence, Plaintiff's ensuing injury, and the deliberate indifference claim in Count 1. Accordingly, at this stage, Plaintiff may proceed with his negligence claim in **Count 2** against Defendant Keller in this action.

**Disposition**

The Clerk of Court shall prepare for Defendant **KELLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this

Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 20, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**